While the plaintiff, Charles H. Austin, Jr., was driving south on Reid Street in the City of Lake Charles on July 5, 1942, around 8 o'clock P.M. with his wife in the car with him, his car collided with a Ford truck going west on Sixth Street, the collision occurring in the intersection of the two streets. The truck was being driven by the minor son of the defendant Bruning. Mrs. Austin was injured in the collision and Austin's car was damaged.
Austin and his wife filed a joint petition against Bruning, the owner of the truck and father of the driver of the truck, and the liability insurance carrier on the truck, the American Employers Insurance Company, *Page 494 
seeking damages in the total sum of $2,856.06, made up of the following items: the sum of $200 in behalf of Austin to cover medical expenses in treating his wife for her injuries in the sum of $150, and $50 deductible loss borne by him in settling with his insurer for damage to his car, and the sum of $150.06 as agent for his insurer to cover the amount paid him by the insurance company for damage to his car above the deductible loss; and his wife sued for $2,500 for personal injuries sustained by her in the accident.
Plaintiffs allege that the driver of the truck was driving at an excessive rate of speed as he approached the intersection, without slowing down or giving any warning whatever, and proceeded across the intersection in a reckless manner and attempted to swerve around in front of Austin's car after it had already entered the intersection, with the result that the two cars collided in the intersection.
The defendants deny that young Bruning was guilty of any negligence, but aver that the accident was caused by the negligence of Austin who was at the time operating his automobile at an excessive speed under the weather conditions then prevailing and entered the intersection after young Bruning had pre-empted it and struck the Bruning truck on its right rear fender after the truck had gotten about three-fourths across the intersection, knocking the truck into a telephone and light pole at the southwest corner of the intersection. Bruning filed a reconventional demand against Austin for $165 as the alleged damage caused to his truck.
The trial judge found that both Austin and young Bruning were guilty of negligence which contributed to the accident and denied recovery to Austin and dismissed the reconventional demand of Bruning. He rendered a judgment in favor of Mrs. Austin for $2,500. Both defendants appealed, and plaintiffs answered the appeal, Austin asking that the judgment be amended by granting him judgment as prayed for, and Mrs. Austin asking that the judgment be affirmed as to her.
There were only three eye witnesses to the accident — Austin, his wife, and young Bruning. According to the evidence in the record, both Reid and Sixth Streets are 24 feet wide, and at the northeast corner of the intersection of the two streets there is a house and a lot of shrubbery making it difficult to see a car coming from the north on Reid Street or from the east on Sixth Street until the car has reached a few feet of the intersection.
Austin testified that he was driving south on Reid Street and looked both ways before entering the intersection; that he tapped his brakes and came almost to a complete stop before entering the intersection; that he had gotten into the intersection two or three feet when he saw the truck approaching from the east 50 or 60 feet from the middle of the intersection, and he thought the truck would stop, but when he had gotten about the middle of the intersection, the truck attempted to swerve around in front of him, and his car struck the truck on its right side, throwing it against the curb in the southwest corner of the intersection.
Mrs. Austin was sitting on the front seat with her husband and confirms his testimony in some respects, however, she admits that she did not see all that occurred as she was not watching very closely. She says her husband brought his car to a complete stop before entering the intersection, but he says that he merely slowed down his car.
Young Bruning testified that he was traveling west on Sixth Street from 20 to 25 miles per hour, and when he was 25 or 30 feet from the intersection he saw the Austin car about 90 feet up Reid Street and he continued across, having entered the intersection first and having gotten half way across when his truck was struck on its right rear fender by the front of the Austin car. He did not stop or slow down for the intersection but says that he figured he had plenty of time to get across. On cross examination it was shown that he had made a statement two or three days after the accident in which he stated, "I figured I had plenty of time to go around and so I started across."
We think the trial judge was correct in finding that the accident was caused by the combined negligence of young Bruning and Austin. According to the map in the record and the other evidence, young Bruning could not see up Reid Street 85 or 90 feet as he claims he could when he was 25 or 30 feet from the intersection. When within 25 or 30 feet of the intersection the driver on either street could see the other car on the other street for about the same distance. A light rain was falling *Page 495 
and it was getting dark, all of which required a high degree of care on the part of both motorists at this blind corner. Yet young Bruning not only did not stop or materially slow down before entering the intersection but proceeded across at a speed of 20 or 25 miles per hour, thinking, as he says, that he could go around the Austin car.
Austin was negligent in not taking the necessary precautions in entering and crossing this dangerous intersection. He says he did not see the truck until he had gotten in the intersection. If he practically stopped as he claims he did there is no reason why he should not have seen the approaching truck several feet east of the intersection. The truck came almost entirely across the intersection in front of him, and if he had practically stopped before entering it, we do not see why he ran into the side of the truck and struck it with such force as to knock it against a telephone pole and damage the side of the truck as much as it was damaged. In other words, from the point where he should have first seen this truck to the point where his car struck it was a distance of at least 25 or 30 feet and if he had come to a virtual stop as he approached the intersection there was no reason why he should have run into the truck coming across the intersection in front of him.
Of course, the negligence of Austin could not be imputed to his wife who was riding in the car with him. Mrs. Austin received a shock and some bruises on her breast. She was pregnant at the time. While she was not confined to her bed because of her injuries, she had a miscarriage about a week after the accident which the doctor attributes to the shock and injuries which she sustained in the accident. She was confined for several weeks. Cases are cited showing awards of two thousand dollars and more for miscarriage caused from accidents.
The doctor who treated Mrs. Austin testified that it was necessary to perform a slight operation on her and that she suffered considerable pain on account of the miscarriage. However, she has fully recovered physically and there are no after effects, other than the possibility of making her more prone to have another miscarriage. We have decided to reduce the award to $2,000.
For the reasons assigned, it is ordered that the judgment appealed from be affirmed insofar as it dismissed the suit of Charles H. Austin, Jr., and dismissed the reconventional demand of the defendant Bruning; that the said judgment be amended as to Mrs. Mary Austin by reducing the amount awarded her from the sum of $2,500 to the sum of $2,000. And as thus amended, the judgment is affirmed; cost of the appeal to be paid by Mrs. Mary Austin, and all other cost to be paid by the defendants.